UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER GOODVINE,

    Plaintiff,

v.                                                             Case No. 21-cv-826-pp

CO ADAMS, *et al.*,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REOPEN
## (DKT. NO. 15)

On July 7, 2021, the plaintiff filed this civil rights suit, alleging that the defendants had retaliated against him for exercising his right to free speech and failed to protect him from self-harm. Dkt. No. 1. Five days later, the court received from the plaintiff a motion to proceed without prepaying the filing fee. Dkt. No. 4. At that point, the plaintiff had three cases pending in this district— Goodvine v. Severson, *et al.*, Case No. 21-cv-45; Goodvine v. John Doe Jail Official 1, Case No. 21-cv-46; and the instant case. He had requested leave to proceed without prepaying the filing fee in each one.

On September 20, 2021—three days after the court received the plaintiff's trust account statement—the court issued an order requiring that on or before October 20, 2021, the plaintiff must pay an initial partial filing fee of $1.77. Dkt. No. 9. October 20 came and went without the court receiving any money from the plaintiff. On November 10, 2021—three weeks after the deadline by which the plaintiff was to pay the initial partial filing fee—the court

1

issued an order extending the deadline for paying the initial partial filing fee to November 26, 2021 and advising the plaintiff that if the court did not receive either the initial partial filing fee or a written explanation for why he could not pay it by the end of the day on November 26, 2021, the court would dismiss the case without prejudice. Dkt. No. 10.

On November 12, 2021, the court received from the plaintiff a motion to extend the deadline for paying the initial partial filing fee by an additional thirty days. Dkt. No. 11. He indicated that he had not received "notice of the order"—he did not say which order—until the last week of October and asked for the additional time to "arrange payment" of the initial partial filing fee. Id. The plaintiff dated that motion November 10, 2021—the day the court issued its order extending the deadline for payment to November 26, 2021. Nonetheless, the court granted the plaintiff one further extension. Magistrate Judge Stephen C. Dries issued an order giving the plaintiff a deadline of December 27, 2021 by which to pay the $1.77 initial partial filing fee. Dkt. No. 12.

December 27, 2021 passed, and the court did not receive the $1.77 fee. On December 30, 2021, the court dismissed the case without prejudice for failure pay the initial partial filing fee by the deadline the court had set. Dkt. No. 13. The court also entered judgment.

On January 4, 2022, the court received from the plaintiff a motion to reopen. Dkt. No. 15. The plaintiff stated that he was unable to pay the initial partial filing fee because the prison was taking one hundred percent of his

2

Case 2:21-cv-00826-PP    Filed 01/24/22    Page 2 of 4    Document 17

funds. He asked the court to allow him to proceed without paying the initial partial filing fee. In support of the motion, the plaintiff filed another prisoner trust fund account statement. Dkt. No. 16.

A review of trust account statement shows that the reason the plaintiff does not have funds to pay the initial partial filing fee in *this* case is because he is paying filing fees on several other cases, including four cases he filed in 2021 alone. While a court may not dismiss a lawsuit filed by an incarcerated person who lacks the ability to pay an initial partial filing fee, see 28 U.S.C. §1915(b)(4), "if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." Thomas v. Butts, 745 F.3d 309, 312 (7th Cir. 2014) (citations and internal quotation omitted). In addition to the several filings fees, a review of the trust account statement reveals that the plaintiff is spending money paying back legal loans and paying other court costs. The Court of Appeals for the Seventh Circuit has instructed, "It is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when 'the prisoner has no assets and no means by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'" Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997) (rev'd on other grounds); Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000)).

The trust account statement shows that the plaintiff has had the means

to pay the initial partial filing fee. With his outstanding unpaid legal loans and several other filing fees, he does not have the ability to pay the initial partial filing fee for this case, but that is because of his past litigation choices. The court will deny the motion to reopen this case. It dismissed the plaintiff's case without prejudice. After careful consideration of his resources and prioritization of his litigation, the plaintiff can decide whether to refile this case (subject to the relevant statute of limitations) when he has funds available to pay the fee.

The court **DENIES** the plaintiff's motion to reopen. Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 24th day of January, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**